IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| BRETT L. ELIASON, VERONIQUE ELIASON, KYLIE M. ELIASON, and BRITTNIE L. ELIASON,<br><br>    Plaintiffs,<br><br>vs.<br><br>KIRTON MCCONKIE, P.C., CRAIG MCCULLOUGH, MARK ELIASON, LAURIE ELIASON, BRYAN STEPHENS, ELIASON ENTERPRISES, ELIASON EIGHT LLC, and LISA STEPHENS,<br><br>    Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:24-cv-00115<br><br>United States District Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

District Judge Tena Campbell referred this case to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Defendants' unopposed motion to quash.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(g) of the Rules of Practice for the United States District Court for the District of Utah, the court concludes that oral argument is not necessary and will determine the motion on the basis of the written memoranda.[3]

---

[1] ECF No. 12, Order Referring Case.

[2] ECF No. 30, Defendants' Motion to Quash Purported Service as Insufficient and Motion to Dismiss for Lack of Jurisdiction.

[3] *See* DUCivR 7-1(g).

## BACKGROUND

Plaintiffs Brett, Veronique, Kylie and Brittnie Eliason ("Plaintiffs") initiated this litigation against Defendants Kirton McConkie, P.C., Craig McCullough, Mark Eliason, Laurie Eliason, Bryan Stephens, Eliason Enterprises, Eliason Eight, LLC and Lisa Stephens ("Defendants") on February 12, 2024, through the filing of a complaint.[4] Plaintiffs filed summonses directed to each named Defendant and in which Plaintiffs listed all Defendants' addresses as 50 E. South Temple, Ste. 400, Salt Lake City, Utah 84111.[5] Although the summonses were issued by the Court Clerk on February 12, 2024, the docket does not reflect a return of service associated, with these summonses, on any of the Defendants.

On May 3, 2024, Plaintiffs submitted a new series of summonses which were issued by the Court Clerk on May 3, 2024.[6] As before, each of the summonses identified the address of all Defendants as 50 E. South Temple, Ste. 400, Salt Lake City, Utah 84111.[7] On May 10, 2024, a

---

[4] ECF No. 1, Complaint.

[5] ECF No. 2, Bryan Stephens Summons in a Civil Action; ECF No. 3, Craig McCullough Summons in a Civil Action; ECF No. 4, Eliason Eight, LLC, Summons in a Civil Action; ECF No. 5, Eliason Enterprises, Summons in a Civil Action; ECF No. 6; Kirton McConkie P.C., Summons in a Civil Action; ECF No. 7, Laurie Eliason Summons in a Civil Action; ECF No. 8, Lisa Stephens Summons in a Civil Action; ECF No. 9, Mark Eliason Summons in a Civil Action.

[6] ECF No. 21, Bryan Stephens Summons in a Civil Action; ECF No. 22, Craig McCullough Summons in a Civil Action; ECF No. 23, Eliason Eight, LLC Summons in a Civil Action; ECF No. 24, Eliason Enterprises Summons in a Civil Action; ECF No. 25; Kirton McConkie P.C. Summons in a Civil Action; ECF No. 26, Laurie Eliason Summons in a Civil Action; ECF No. 27, Lisa Stephens Summons in a Civil Action; ECF No. 28, Mark Eliason Summons in a Civil Action.

[7] *Id.*

process server hand-delivered the eight May 3, 2024 summonses to attorney Gregory S. Moesinger.[8]

## LEGAL STANDARDS

Plaintiff bears the burden of establishing the validity of service of process.[9]

Federal Rule of Civil Procedure 4 sets forth the method and manner for service of a summons and complaint.[10] Effective service of a summons is a precondition to any lawsuit[11] and "actual notice is not a substitute from proper Rule 4 notice."[12]

After filing the complaint, a plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on defendant."[13] A proper summons must:

> (A) name the court and the parties; (B) be directed to the defendant; (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff; (D) state the time within which the defendant must appear and defend; (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; (F) be signed by the clerk; and (G) bear the court's seal.[14]

---

[8] ECF No. 29, Return of Service; ECF No. 30-5 at ¶ 11, Declaration of Gregory S. Moesinger ("On May 10, 2024, a process server hand-delivered the May 3, 2024 summonses to me at the offices of Kirton McConkie.").

[9] *See FDIC v. Oaklawn Apts.,* 959 F.2d 170, 174 (10th Cir. 1992).

[10] Fed. R. Civ. P. 4.

[11] *Jenkins v. City of Topeka,* 136 F.3d 1274, 1275 (10th Cir. 1998).

[12] *B&D Dental Corp. v. KOD Co.,* 2013 U.S. Dist. LEXIS 151749 at *5 (D. Utah Oct. 22, 2013).

[13] Fed. R. Civ. P. 4(b).

[14] *Id.* at 4(a).

After obtaining a signed and sealed summons, plaintiff must then serve the summons and a copy of the complaint on defendant. "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m).[15]

The sufficiency of service "impacts a court's ability to exercise personal jurisdiction" and a federal court does not have jurisdiction until a defendant is properly served.[16] Service is deemed insufficient when a party serves the wrong person or utilizes an improper service method.

When considering Plaintiffs' case, the court is mindful that they are proceeding *pro se* and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[17] Nonetheless, Plaintiffs' *pro se* status does not excuse their obligation "to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[18]

## DISCUSSION

### I.  Moesinger Is Not Authorized to Accept Service on Behalf of Defendants.

Moesinger is not authorized to accept service on behalf of any of the Defendants and delivery of the May 3, 2024 summonses to Moesinger was not valid.

---

[15] *Id.* at 4(c)(1).
[16] *Ewell v. Clark,* 2023 U.S. Dist. LEXIS 98008 at *3 (E.D. Okla. May 26, 2023); *Omi Capital Int'l. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987) (adequate service of a summons must occur "[b]efore a federal court may exercise personal jurisdiction over a defendant.").
[17] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).
[18] *Ogden v. San Juan Cty.,* 32 F.3d 452, 455 (10th Cir. 1994).

Under the federal rules, to serve a business entity, the server must deliver a "copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive services of process . . ."[19] Likewise, to serve an individual the server must deliver "a copy of the summons and of the complaint to the individual personally" or must leave "a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."[20]

On May 10, 2024, a process server hand delivered summonses for all Defendants to attorney Greg Moesinger at 50 E. South Temple, Suite 440, Salt Lake City, Utah.[21] Moesinger is neither an officer or managing or general agent of any of the business entity Defendants, nor is he a registered agent authorized to receive service by law.[22] Further none of the Defendants, individual or business, have authorized Moesinger to receive service on their behalf and Moesinger's status as an attorney does not automatically make him an agent authorized to receive service.[23] As a result, Plaintiffs' attempted service through delivery of the summonses to Moesinger on May 3, 2024, did not comply with Federal Rule 4 and was without legal effect.

---

[19] Fed. R. Civ. P. 4(h).

[20] Fed. R. Civ. P. 4(e).

[21] ECF No. 29; ECF No. 30-5.

[22] ECF No. 30-5 at ¶ 4 ("I am not an officer or managing or general gent of Eliason Eight, LLC."); *id.* at ¶ 5 ("I am not the registered agent of Eliason Eight, LLC."); *id.* at ¶ 6 ("I am not an officer of managing or general agent of Eliason Enterprises, LCC."); *id.* at ¶ 7 ("I am not the registered agent of Eliason Enterprises, LLC."); *id.* at ¶ 8 ("I am not an officer or managing or general gent of Kirton McConkie, PC."); *id.* at ¶9 ("I am not the registered agent of Kirton McConkie, P.C.").

[23] *Mohammed v. Davis County,* 2008 U.S. Dist. LEXIS 42328 at *2 (D. Utah May 29, 2008).

## II.     Plaintiffs Did Not Deliver a Copy of Complaint.

In addition to failing to serve the correct entities and individuals, Plaintiffs did not cause a copy of the complaint to be delivered with the summons. The documents delivered to Moesinger only included court issued summonses.[24] Yet, the concurrent delivery of both the summons and complaint is required to effect proper service of process. Here, service was also improper because the process server did not deliver a copy of the corresponding complaint or other pleading in violation of Rule 4.[25]

## III.     Plaintiffs' Motions Are Premature.

Prior to effecting proper service on Defendants, Plaintiffs filed a "Motion To Recognize That Kirton McConkie Is Illegally Representing Both The Plaintiff And The Defendant And All Filings Made by Them Should Be Considered Void,"[26] a "Motion To Compel Kirton McConkie To Step Down As Counsel Due To The Obvious Conflict Of Interest In Each Matter Relating To The Eliason Family"[27] and a "Motion to Submit."[28] Because Defendants have not been properly served, all three motions are premature and denied without prejudice.

---

[24] ECF No. 30-5 at ¶ 12 ("The process server did not deliver a copy of the corresponding Complaint or other pleading with the May 3, 2024 summonses."); *see also* Exhibit 1.

[25] Fed. R. Civ. P. 4(c)(1); ECF No. 30-5 at ¶ 12.

[26] ECF No. 31.

[27] ECF No. 35.

[28] ECF No. 36.

### IV.   The Court Extends The Deadline For Service Until August 5, 2024.

Under Fed. R. Civ. P. 4(m), Plaintiffs had until May 12, 2024, to complete proper service on Defendants.[29] That date has passed and, for the reasons set forth above, Plaintiffs have not effected proper service. However, given Plaintiffs' status as *pro se* litigants and their prior efforts to complete timely service, the court *sua sponte* extends the deadline for service under Fed. R. Civ. P. 4(m) by fourteen days from the date of this Memorandum Decision and Order, or until August 1, 2024.[30]

### ORDER

Accordingly, it is hereby ORDERED:

1. Defendants' unopposed motion to quash service is GRANTED.[31]

2. Plaintiffs' "Motion To Recognize That Kirton McConkie Is Illegally Representing Both The Plaintiff And The Defendant And All Filings Made by Them Should Be Considered Void," Plaintiffs' "Motion To Compel Kirton McConkie To Step Down As Counsel Due To The Obvious Conflict Of Interest In Each Matter Relating To The Eliason Family" and Plaintiffs' "Motion to Submit" are DENIED without prejudice as premature.[32]

---

[29] Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within the specified time").

[30] *Pell v. Azar Nut Co., Inc.,* 711 F.2d 949, 950 N. 2 (10th Cir. 1983) ("when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant").

[31] ECF No. 30.

[32] ECF No. 31; ECF No. 35 ECF No. 36.

3. The court *sua sponte* EXTENDS the deadlines for service for an additional fourteen days from the date of this Memorandum Decision and Order or until August 1, 2024, for Plaintiffs to serve Defendants in accordance with applicable law.

**IT IS SO ORDERED.**

Dated this 18th day of July 2024.

BY THE COURT:

_____
Dustin B. Pead
U.S. District Magistrate Judge